

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

RICHARD KOUBEK,

DOCKET NO.:10 CV-4488
(SJF)(WDW)

Plaintiff

-against-

THE COUNTY OF NASSAU, NASSAU COUNTY
DEPARTMENT OF SOCIAL SERVICES, NASSAU
COUNTY DEPARTMENT OF SOCIAL SERVICES
INCOME SUPPORTS COMMITTEE of the ADVISORY
COMMITTEE, KAREN GARBER (in her official and
individual capacity), and COMMISSIONER JOHN
IMHOF the Commissioner of the Nassau County
Department of Social Services (in his official and individual
capacity), NICHOLAS A. ESPOSITO (in his official and
individual capacity),

Defendants.
------------------------------------------------------------------------ X

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS THE COUNTY
OF NASSAU, NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, NASSAU
COUNTY DEPARTMENT OF SOCIAL SERVICES INCOME SUPPORTS COMMITTEE of the
ADVISORY COMMITTEE, KAREN GARBER,   COMMISSIONER JOHN IMHOF AND
NICHOLAS A. ESPOSITO'S  MOTION FOR JUDGMENT ON THE PLEADINGS

LAW OFFICES OF
FREDERICK K. BREWINGTON
Attorneys for the Plaintiff
556Penninsula Blvd

Hempstead, NY 11550
(516) 489-6959
OF COUNSEL:  FREDERICK K. BREWINGTON, ESQ.

# TABLE OF CONTENTS

PAGE NO.

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . 1

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      PLAINTIFF HAS SUFFICIENTLY PLEADED FACTUAL ELEMENTS TO SUSTAIN
      HIS CLAIM FOR A VIOLATION OF HIS CIVIL RIGHTS UNDER SECTION 1983

         A.    MISREPRESENTATION OF DOCUMENTATION BY DEFENDANTS

         B.    INCOME SUPPORTS COMMITTEE MEETINGS HAD BEEN OPEN TO THE
               PUBLIC

         C.    THE DEFENDANTS' ACTIONS WERE MEANT TO CHILL PLAINTIFF'S
               SPEECH

POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      PLAINTIFF HAS SUFFICIENTLY PLEADED ALL OF THE REQUIRED FACTUAL
      ELEMENTS, TO SUSTAIN MUNICIPALITY LIABILITY UNDER 42 U.S.C. §1983

POINT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      DEFENDANTS JOHN IMHOF, KAREN GARBER AND NICHOLAS ESPOSITI ARE
      NOT  IMMUNE FROM SUITS UNDER 42 U.S.C.A. § 1983

POINT IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS
      UNDER ARTICLE  78

Liu v. New York City Police Dept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
216 A.D.2d 67, 627 N.Y.S.2d 683 (1st Dep't 1995)

McKenna v. Wright . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
386 F.3d 432, 436 (2d Cir.2004)

Roniger v. McCall, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
 57 F3d. 202 (2nd Cir 1995)

Scheuer v. Rhodes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
416 U.S. 232, 236 (1974)

T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Slip Copy, 2010 WL 4038826 at 4 (E.D.N.Y.2010)

Velez v. Levy  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13
401 F.3d 75, 196 Ed. Law Rep. 76, 22 I.E.R. Cas. (BNA) 989, 85 (2d Cir. 2005)

## STATUTES

42 U.S.C. ' 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM
New York State Constitution Article 1, Sections 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM
Public Officers Law ' 102  (the Open Meetings Law) . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM
Federal Rule of Civil Procedure Rule 12 © . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM
Federal Rule of Civil Procedure Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM
By-Laws for Title XX ADVISORY COUNCIL, Article III B . . . . . . . . . . . . . . . . . . . . . PASSIM
New York General Municipal Law 50-e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Federal Rule of Civil Procedure Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## PRELIMINARY STATEMENT

Plaintiff Richard Koubek, by and through his attorneys, The Law Offices of Frederick K. Brewington, submits the following memorandum of law with annexed exhibits, in opposition to Defendants', THE COUNTY OF NASSAU, NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES INCOME SUPPORTS COMMITTEE of the ADVISORY COMMITTEE, KAREN GARBER, COMMISSIONER JOHN IMHOF AND NICHOLAS A. ESPOSITO'S ( hereinafter collectively referred to as "Defendants") Motion for Summary Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(C). On or about April 22,2011, Defendants served their motion through counsel. Pablo A. Fernandez, Esq.

Mr. Koubek filed the within complaint against Defendants alleging violations of the Plaintiff's rights to Free Speech, Freedom of Association and the Open Meetings Law under color of law, brought pursuant to 42 U.S.C. §1983 (via the First and Fourteenth Amendments), the New York State Constitution Article 1, Sections 8 and 9, and Public Officers Law ' 102 (the Open Meetings Law).

As of this date the parties have not been permitted to engage in any discovery. Accordingly, interrogatories and document requests have not been exchanged and no depositions have been taken.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Defendants filed a Memorandum of Law for Judgment on the Pleadings on April 22, 2011 (Dkt. No.13). Throughout their Memorandum of Law , Defendants argue that Plaintiff's pleadings were not sufficient to claim a violation of Plaintiff's civil rights under section 1983. *See* POINT I-VI. Defendants specifically cited paragraph 43, 50, 57 and 58 of the Complaint, to show that Plaintiff was not barred to attend any meetings. However, these paragraphs do not support Defendants' arguments which only refer to Mr. Koubek being permitted to attend *Advisory Council*

*meetings.*[emphasis added] *See* Defendants' memorandum of law POINT I at 7 and POINT III at 17.

Whereas Plaintiff's entire Complaint, was based on being banned from the ***Advisory Committee***

meetings, not Advisory Council meetings.  Plaintiff restates these allegations in a number of

paragraphs in Plaintiff's Complaint, to wit, paragraphs 43, 50, 57 and 58, along with paragraphs

47-49 which support paragraph 50. Defendants emphasis that Mr. Koubek was permitted to attend

Advisory Council Meeting is an attempt to distract and confuse the Court from the crux of Plaintiff's

plight. The factual allegations in Plaintiff's Complaint are as follows:

> Paragraph 43 in the Complaint:

>> On or about October 23, 2007 PLAINTIFF KOUBEK was informed
>> via an e-mail from DEFENDANT GARBER stating in effect that he
>> would   not be allowed to attend the meetings or even enter the
>> building being held by the **ADVISORY COMMITTEE** because
>> "only
>> members appointed by the Commissioner may attend committee
>> meetings." [emphasis added]

> Paragraph 47 in the Complaint[1]:

>> PLAINTIFF KOUBEK sought and received an advisory opinion from
>> Robert Freeman, the Executive Director of the State of New York
>> Committee on Open Government, on January 2, 2009, regarding the
>> legality of barring PLAINTIFF KOUBEK from attending the
>> meetings  held by the **ADVISORY COMMITTEE**. [emphasis
>> added]

> *Paragraph 48 in the Complaint:
>> The advisory opinion from the Robert Freeman, the Executive
>> Director of the State of New York Committee on Open Government,
>> stated that  the **ADVISORY COMMITTEE** was subject to New
>> York State's Open Meetings Law stating: "because local [a] advisory
>> council is a creation of law, is required by law to include
>> representation from particular aspects of those involved in social
>> services, and is authorized to perform particular functions, based on
>> the direction of judicial decisions, it would appear that such an entity

---

[1]*Paragraph 47-49 in the Complaint are cited as background for the allegations made in
Paragraph 50 that the Defendants quoted.

constitutes a 'public body' required to comply with the Open
Meetings Law."
[emphasis added]

*Paragraph 49 in the Complaint:

On or about February 12, 2009, PLAINTIFF KOUBEK forwarded
this opinion, with an attached personal letter to the
COMMISSIONER.

Paragraph 50 in the Complaint:

On or about April 8, 2009, PLAINTIFF KOUBEK, received a
response from DEFENDANT ESPOSITO, a Deputy County
Attorney for the DEFENDANT COUNTY, stating PLAINTIFF
KOUBEK would still not be allowed to attend any meetings as he
was barred.

Paragraph 58 in the Complaint:

Further, DEFENDANT GARBER, under color of law, made
statements representing that the meetings could only be attended by
those who have been appointed to the **Advisory Committee**.
[emphasis added]

Paragraph 59 in the Complaint:

This barring under color of law was further continued by
DEFENDANT ESPOSITO, a Deputy County Attorney for the
DEFENDANT COUNTY in the form of his response letter to
PLAINTIFF KOUBEK in which he approved of and upheld the
barring of PLAINTIFF KOUBEK from the **Advisory Committee**
meetings by the DEFENDANTS. [emphasis added]

Also Plaintiff quotes factual allegations in the Complaint regarding that the Advisory

Committee is a" public body" and Plaintiff's civil rights were deprived as follows:

*Paragraph 51 in the Complaint:

Throughout, PLAINTIFF KOUBEK has denied any meaningful form
of procedural due process or satisfactory explanation by the
COMMISSIONER, DEFENDANT COUNTY, NCDSS,

3

DEFENDANT GARBER, DEFENDANT ESPOSITO, or the ADVISORY COMMITTEE as to why he is being barred from attending the Advisory Committee meetings as is his right as a member of the public and a citizen of the United States of America.

Plaintiff further addresses the salient facts and procedural history in the within Arguments Section, *infra*.

## ARGUMENTS

### STANDARD OF REVIEW

The standard for a Federal Rule of Civil Procedure 12 (c) motion for judgment on the pleadings is similar to a motion to dismiss under Rule 12(b)(6). *See* Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir.2010); *also see* T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A. Slip Copy, 2010 WL 4038826 at 4 (E.D.N.Y.2010). The court held that "all factual allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor" *See* Id. The Supreme Court also has established that, in a [motion for judgment on the pleadings] pursuant to [Fed. R. Civ. P. 12 (c)] the "allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *See also* Conley v. Gibson, 355 U.S. 41, 45-6 (1957) (a motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). *See also*, Roniger v. McCall, 22 F.Supp. 2d 156, 160 (S.D.N.Y. 1998). Further, when reviewing the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236. The Second Circuit follows this law. *See, e.g.,* Ferran v. Town of Nassau, 11 F.3d 21, 22 (2nd Cir. 1993); Atlantic Mutual Ins. Co. v. Balfor MacLaine Int'l, Ltd., 968 F.2d 196, 198 (2nd Cir. 1992) (Court

4

"must accept as true all material factual allegations in the complaint"). "This cautionary standard applies with greater force where the Plaintiff alleges civil rights violations." Roniger v. McCall, 57 F3d. 202,206 (2nd Cir 1995) [Emphasis added].  Applying the above standards to both the Complaint and the Amended Complaint, Defendants have clearly failed to meet their legal burden under Fed. Rule Civ. Pro. 12(c), thus their Application for Judgment on the pleadings must be denied.

## POINT I

**PLAINTIFF HAS SUFFICIENTLY PLEAD THE FACTUAL ELEMENTS TO SUSTAIN HIS CLAIM FOR A VIOLATION OF HIS CIVIL RIGHTS UNDER SECTION 1983**

### A.   DEFENDANTS' MISREPRESENTATIONS TO THE COURT

Defendants claim that Plaintiff failed to state a claim for violation of his First Amendment claim by stating , "Plaintiff was not permitted to attend any meetings [referring to Advisory Council meetings]…" Defendants cite to paragraphs 43, 57 and 58 of the Complaint to support this argument . [Emphasis added]   See Def. Mem. of Law pg. 7-8. However, as evidenced *supra*, Defendants deliberately altered the factual allegations in the Complaint which read, "…. **Advisory Committee meetings** …"  In fact, Defendants misquote and attempt to mislead the Court by using "Advisory Council meetings" where the Complaint  actually reads, in caps,  "**ADVISORY COMMITTEE**" [Emphasis added] *See* Comp. ¶41, 43-45, 47, 50, 52-52.   Having made this intentional alteration, Defendants  go on to conclude, "Those documents, when read, unquestionably demonstrate that Plaintiff was at all times advised he could attend the Advisory Council meetings." *See* Def. Mem. of Law pg. 7-8.  Plaintiff never raised the issue in his Complaint, as to whether he could attend the full Advisory Council meetings. For Defendants's attempt to shift the focus of Plaintiff's complaint

5

is not accurate, nor is it proper.

Plaintiff's plight was and remains to being wrongfully barred from attendance at the **Advisory Committee meetings** which thereby resulted in a "violation of Plaintiff's rights to free speech, freedom of expression, freedom of association and the Open Meeting's Law as stated in §100 and the law itself as stated in §102, in violation of 42 U.S.C. §1983. Also, the New York State Constitution, Article I, Sections 8 states "[e]very citizen may freely speak, no law shall be passed to restrain or abridge the liberty of speech" and Section 9 states "[n]o law shall be passed abridging the rights of the people peaceably to assemble and to petition the government" this clearly establishes the rights of freedom of speech, freedom of expression, and the right to petition and assemble to all citizens of the State of New York. Therefore, the Defendants' argument, articulated in, POINT 1 at pgs. 7 through 11 must be disregard as no more than an attempt to mislead this court by confusing the issue. Therefore, the Application for Judgment on the pleadings must be denied.

**B.    INCOME SUPPORTS COMMITTEE MEETINGS HAD BEEN OPEN TO THE PUBLIC**

Defendants incorrectly assume, in a conclusory fashion, that Income Supports Committee meetings are not open to the public, and therefore the Nassau County DSS (hereinafter "NCDSS") properly barred the Plaintiff's admission to those meetings by quoting Karen Garber's email that "only Advisory Council members appointed by the Commissioner may attend committee meetings." *See* Def. Mem. of Law pg. 12.

However, the **Advisory Committee** as is claimed in the instant action is indeed, or should be open to the public. *See* Complaint paragraphs 60-65. Furthermore, upon information and belief, during the years Plaintiff was on the Income Supports Committee, and for approximate seven years

6

that Plaintiff served as co-chair of that committee (2000-2007): (1) members of the public were welcome; *See* Decl. Koubek ¶8. (2)attendance at the committee meeting was never checked against a list of appointed Advisory Council members; *See* Decl. Koubek ¶9. (3) attendees at the income Supports Committee were never asked to leave or not permitted to return to the committee's meeting because s/he was not an appointed member of the Advisory Council. *See* Decl. Koubek ¶10.

As evidentiary support of this practice, Plaintiff has obtained e-mails from several Income Supports Committee members as follows: (1) e-mail dated April 29, 2011 from Janet Allen, representing Family and Children's Association, who was Income Supports Co-Chair with Plaintiff during 2000-2002 and, stated " as far as I can recall, at the meetings I regularly attended of the Nassau DSS Advisory Council, during the time I was employed in Nassau between 1990 and 2002, we were not aware of there being any 'official' appointments to the council or its various committees. We often raised questions and concerns regarding access to services based on experience reported by the clients of our various agencies and organizations, and work together positively with the DSS department heads who attended our meetings in an effort to improve access to those services so greatly needed by all. *See* Exhibit "A"; (2) an e-mail dated May 4, 2011 from Kathy McIntyre, a member of the Income Supports Committee, representing Catholic Charities, mentioned, "I was a member of the DSS Advisory Board 2005-2007 representing the Nassau parishes as a Developer for Catholic Charities. To my knowledge, I never saw a formal attendance list but rather a yellow sheet of paper that was loosely passed around to those attending the meeting. There was a woman, who was not a formal member, Jennifer Edwards, represented herself, a person who was currently receiving benefits... she then became a member of the Advisory Board loosely representing all DSS consumers of services. We welcomed a voice from the public..." *See* Exhibit

7

"B"

Defendants also assert that the Advisory Committee is not subject to the NYS Open Meetings Law because they are "purely advisory" and are not "charged with responsibilities normally delegated to a governmental body." *See* the Def. Mem. of Law at pg. 10.

In fact, the Income Supports Committee at various times was charged with developing policies and procedures that were then wholly implemented by NCDSS. *See* Decl. Koubek ¶3. For instance: (1) in and around 2005, NCDSS implemented evening hours at the strong recommendation of the Income Supports Committee; (2) around 2001, NCDSS adopted a "Did You Know?" information pamphlet that was created and maintained by the Income Supports Committee. "Did You Know?" was a summary of services available to customers which is now distributed in the customers' packet of documents at the time s/he applies for public assistance; *See* Decl. Koubek ¶4. and (3) the " Did You Know?" pamphlet was being updated by the Income Supports Committee in September 2007. *See* Decl. Koubek ¶5. The minutes of the September 26, 2007 Income Supports Committee submitted by Mr. Fernandez demonstrate that the Income Supports Committee was engaged in decision making that would result in substantive changes to this official NCDSS document. *See* Def. Exh. F. As such, Defendants motion must be denied.

## C.   THE DEFENDANTS' ACTIONS WERE MEANT TO CHILL PLAINTIFF'S SPEECH

Defendants argue that "Plaintiff has failed to plead sufficient facts tending to show that '[D]efendants' actions were motivated or substantially caused by [Plaintiff's] exercise' of an interest protected by the First Amendment." *See* Def. Mem. of Law at 13.  However, the Plaintiff's First Amendment rights were chilled when the Commissioner excluded Plaintiff from Advisory Council

8

and Advisory Committee in or about July 2007. *See* Comp. ¶41. At that time, Plaintiff had been appointed an Advisory Council member since 2006. *See* Comp. ¶40. According to the By-Laws for Title XX ADVISORY COUNCIL, Article III B, Plaintiff's membership should have been valid from October 1st 2007 through September 30th, 2008. *See* By-Laws for Title XX ADVISORY COUNCIL, Article III B ("Members shall be appointed for one (1) year terms, beginning on October 1st of the year of appointment."). However, the Commissioner removed Plaintiff as a member in the midst of Plaintiff's membership period, thereby violating the bylaws, preventing Plaintiff from attending the Advisory Council and Advisory Committee meetings. The removal resulted in chilling Plaintiff's speech rights under the First Amendment. *See* Velez v. Levy, 401 F.3d 75, 196 Ed. Law Rep. 76, 22 I.E.R. Cas. (BNA) 989 (2d Cir. 2005) ( "an elected New York City community school board member stated a colorable First Amendment claim against the schools chancellor who allegedly removed her in retaliation for her stated political views. The First Amendment bars state officials from stripping elected representatives of their office based on the political views of such representatives." *Also See* Gronowski v. Spencer, 424 F.3d 285, 23 I.E.R. Cas. (BNA) 807, 151 Lab. Cas. (CCH) P 60087 (2d Cir. 2005) ("...plaintiff alleged that she was laid off in retaliation for her political support of a rival of the mayor. The court found that sufficient evidence existed of the mayor's direct participation in termination of plaintiff... the mayor liable for retaliating against the plaintiff for her support of his rival in violation of her First Amendment rights.")

Also, the Plaintiff's First Amendment rights were actually chilled when the Commissioner and Ms. Garber excluded Plaintiff from Income Supports Committee meetings. *See* Comp. ¶ 53-59.

Upon information and belief, Plaintiff challenged the Commissioner regarding his failure to distribute minutes, as previously agreed to, at a June 2007 forum critiquing the NCDSS "No Wrong

9

Door" initiative. *See* Decl. Koubek ¶11.  On or about August 29, 2007, Anthony Mullen, Plaintiff

supervisor at Catholic Charities, sent a letter to Commissioner John Imhof, stating, " It would appear

from your letter that you have not reappointed Dr. Koubek to the Advisory Council.  This takes us

somewhat by surprise since he was elected unanimously by the Income Supports Committee to serve

as their Chair... I understand that you and Dr. Koubek had some public disagreement regarding

distribution of minutes at a forum you chaired, and his reporting that a number of our parish outreach

coordinators expressed concern about how the forum was conducted........."   [emphasis added]

   *See* Exhibit  "C" letter dated August 29, 2007.  *See* Decl. Koubek ¶13.

Commissioner Imhof attempted to intimidate Plaintiff following the disagreement at the June

2007 forum. *See* Decl. Koubek. 14. Particularly, at the July 2007 Executive Committee meeting, the

Commissioner had an angry outburst, charging Plaintiff with being "divisive and destructive" before

storming out of the meeting because Plaintiff complained about his failure to distribute the minutes

at the June forum and cited several Catholic Charities staff and parish outreach coordinators who

shared the Plaintiff's view. *See* Decl. Koubek 15. As shown, Defendants as an official conduct,

silenced Plaintiff and resulted in chilling effect on Plaintiff's speech by prohibiting him from

attending the Advisory Committee meetings.

Defendants argue, "Plaintiff's Complaint fails to specify that the voicing of his ' procedural

and policy' differences was the substantial or motivating factor".  See Def. Mem. of Law at pg.11.

The ban on Mr. Koubek is not content neutral, but rather based directly on the content of his

speech specifically, as he is the only one who has been permanently barred from attending these

meetings. *See* Comp.¶80-83. The absolute ban by the Defendants of Mr. Koubek from attending

Committee meetings is not reasonable within time, place, and manner restrictions. *See* Comp.¶67.

Therefore, Plaintiff's Fourteenth Amendment rights to procedural due process were deprived.

## POINT II

**PLAINTIFF HAS SUFFICIENTLY PLEADED ALL OF THE REQUIRED FACTUAL ELEMENTS, TO SUSTAIN MUNICIPALITY LIABILITY UNDER 42 U.S.C. §1983,**

Defendants argue that the municipal entity is not liable under 42 U.S.C. § 1983. See Def. Mem. Of Law at pg. 16.

Qualified immunity "generally shields governmental officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" McEvoy v. Spencer, 124, F. 3d 92, 97 (2d Cir. 1997) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982) Zahre v. Coffey, 221 F.3d 342, 347 (2nd Cir., 2000) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); (JA-219).

When plaintiff's theory of municipal liability under § 1983 is based on showing that single action by municipal employee caused constitutional injury, rather than showing that formally adopted or ratified municipal policy caused injury, plaintiff must demonstrate that official had final policymaking authority for particular subject matter involved. 42 U.S.C.A. § 1983. Frank Sloup and Crabs Unlimited, LLC v. Loeffler, 745 F. Supp. 2d 115 (E.D. N.Y. 2010). Also, "even one episode of illegal retaliation may establish municipal liability under § 1983 if ordered by person whose edicts or acts represent official city policy." See 42 U.S.C.A. § 1983. Varricchio v. County of Nassau, 702 F. Supp. 2d 40 (E.D. N.Y. 2010). "Government policy or custom used to anchor municipal liability, under § 1983, for alleged constitutional violation by municipal employees need not be contained in

explicitly adopted rule or regulation, rather, policy can be shown when practices are persistent and widespread, such that they could be so permanent and well settled as to constitute a custom or usage with the force of law." *See* <u>Dean v. New York City Transit Authority</u>, 297 F. Supp. 2d 549 (E.D. N.Y. 2004).

The Commissioner had the authority, as a policymaker, to order the removal of Mr. Koubek from the Advisory Council and ban to attend the Advisory Committee. *See* Comp. ¶41. The Commissioner's action caused Plaintiff's constitutional injury including his freedom to voice his dissent in arguing with the COMMISSIONER. See Complaint paragraph 42. Accordingly, the municipality can be held accountable for the unconstitutional action of the Commissioner and is not entitled to qualified immunity.

**POINT III**

**DEFENDANTS JOHN IMHOF, KAREN GARBER AND NICHOLAS ESPOSITI <u>ARE</u> NOT  IMMUNE FROM SUIT UNDER 42 U.S.C.A. § 1983**

Defendants assert that Imhof, Karen Garber and  Nicholas Esposito  are immune under the doctrine of qualified immunity, by stating that Plaintiff was not banned to attend the Advisory Council meetings. *See* Def. Mem. Of Law at pg. 16. As mentioned POINT I, *supra*, Plaintiff's claim is based on the premise that he was wrongfully prohibited to access **"ADVISORY COMMITTEE"** meetings [emphasis added] *See* the Comp. ¶ 43, 50, 58 and 59.

Qualified immunity is not applicable to "those who knowingly violate the law."*See* <u>Finch v. City of New York</u>, 591 F. Supp. 2d 349 (S.D. N.Y. 2008);*see also* 42 U.S.C.A. § 1983. <u>Bernstein v. New York</u>, 591 F. Supp. 2d 448 (S.D. N.Y. 2008) ("Doctrine of qualified immunity protects government officials from civil liability under § 1983 if officials' conduct does not violate clearly

12

established statutory or constitutional rights of which reasonable person would have known.")

In <u>Velez</u>, the count noted with respect to qualified immunity, "First that ", in our analysis of the district court's Rule 12(b)(6) dismissal, we ordinarily answer the question of whether " 'the officer's conduct violated a constitutional right… the next, sequential step is to ask whether the right was clearly established.' " and " in applying this test, we once again review the facts in the light most favorable to the plaintiff and draw all permissible inferences in the plaintiff's favor. *See* <u>Velez v. Levy</u>, 401 F.3d 75, 196 Ed. Law Rep. 76, 22 I.E.R. Cas. (BNA) 989, 85 (2d Cir. 2005)(quoting <u>McKenna v. Wright</u>, 386 F.3d 432, 436 (2d Cir.2004)). Applying this same process, as the Court must, the Defendants motion fails. If each of these Defendants were to claim ignorance as to the open meeting law and that their decision to bar Plaintiff from the committee Meeting did not limit and chill his First Amendment rights, which were clearly established, their credibility would be an issue.

Based on the foregoing cases and factual allegations set forth in the Complaint, John Imhof, Karen Garber and Nicholas Esposito are not entitled to qualified immunity as their above 'actions knowingly violate the constitutional right that was clearly established at the time of the challenged actions, and this action is for injunctive relief.

## POINT IV

## PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS UNDER ARTICLE 78

Defendants assert Plaintiff did not commence an Article 78 claim within four months from the final decision made on April 8, 2009. See Def. Mem. of Law at pg. 18. However, in <u>Kraebel</u>, the court held that "[i]t is well-established that [42 U.S.C.A.] § 1983 generally allows plaintiffs with federal or constitutional claims the right to sue in federal court without first resorting to state judicial

13

remedies" See <u>Kraebel v. New York City Dept. of Housing Preservation and Development</u>, 959 F.2d

395, 404-06 (2d Cir. 1992), Accordingly, as such any failure to file an Article 78 proceeding withing

the statutory period does not in and of itself bar Plaintiff's claim.

**POINT V**

**THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION BECAUSE FEDERAL CONSTITUTIONAL VIOLATIONS EXIST**

Defendants argue that Plaintiff did not serve a notice of claim under New York General

Municipal Law 50-e. *See* Def. Mem. of Law at pg.19-20. However, state notice of claim provisions

do not apply to civil right actions. See, <u>Tout v. Erie Community College</u>, 923 F. Supp. 13, 109 Ed.

Law Rep. 231 (W.D. N.Y. 1995); also actions against a municipality to recover for federal and state

civil rights violations are not subject to notice of claim provisions of the General Municipal Law.

<u>Liu v. New York City Police Dept.</u>, 216 A.D.2d 67, 627 N.Y.S.2d 683 (1st Dep't 1995); <u>Feuer v.</u>

<u>New York City Health and Hospitals Corp.</u>, 170 Misc. 2d 838, 657 N.Y.S.2d 283 (Sup 1996).

Accordingly, this Court should excise supplemental jurisdiction since the Defendants'

arguments have basis in law.

**POINT VI**

**PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF**

Defendants assert that Plaintiff is not entitled to injunctive relief. *See* Def. Mem. of

Law at pg. 21-22. Plaintiff, however, is entitled to injunctive relief because the defendants' actions

have violated and continue to violate the plaintiffs' rights under the First and Fourteenth

Amendments to the United States Constitution (U.S. Const. Amend. I , XIV ), and 42 U.S.C.A. §

1983 . Injunctive relief to remedy wrongful termination stemming from expressing his First

14

Amendment right to freedom of expression and speech,  Plaintiff has no plain, adequate, or complete

remedy at law to redress the wrongs pleaded. This suit for injunction relief is plaintiff's only means

of securing adequate relief. Plaintiff is now suffering, and will continue to suffer, irreparable injury

from defendant's unlawful conduct as set forth in this complaint unless defendants are enjoined by

this court.

**POINT VII**

**PLAINTIFF'S EXHIBITS ATTACHED TO THE MOTION SHOULD BE
DISREGARDED AS THERE IS NO APPLICATION TO CONVERTED THIS FRCP
12(C) INTO A RULE 56 MOTION**

In the case at bar, the exhibits submitted by Defendants are not properly before this

Court for the purposes of their 12(c) Motion. Defendants have not made an application to the Court

to convert this Motion to a motion for summary judgment; and Plaintiff has not and would not

consent to same. Absolutely no discovery has been conducted in this matter. Defendants motion to

dismiss in so much as it has not been converted remains a motion dismiss bound by the standard of

review articulated *supra*.

Indeed, should this Court treat the within motion a Fed. Rule 12 ( c) motion for

judgment on the pleadings: if matters outside the pleadings [such as the Defendants' Exhibits] are

presented to and not excluded by the court, the motion shall (a) be treated as one for summary judgment

and disposed of as provided in Rule 56, *and (b) requires that the non-movant party be given requisite*

*notice and timely opportunity to respond to the motion.* See Scaglione v. Mamaroneck Union Free

School Dist., 2005 WL 681880 (Ct. App.  2005) [Emphasis added] ; See  Fed. Rule Civ. Pro Rule 12(

c).  Here, the Defendants' moving papers do not include any alternative motion for summary judgment

– nor has the pre-requisite notice and pre-summary judgment motion conference and scheduling been

15

established.  Moreover, the defendants cannot argue that their proposed exhibits in the within motion should be considered by the court:  plaintiffs did not rely upon said documents in bringing suit, and Defendants' Exhibits were not integral to Plaintiff's Complaint. Contra: Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 C.A.2 (N.Y., 1991); Roth v. Jennings, 2007 WL 1629889 C.A.2 (N.Y., 2007) (additional documents allowed, where integral to plaintiff's complaint and referenced in plaintiff's pleadings).

Moreover, even if this Court were to allow the Defendants to attach their Exhibits to their motion to dismiss, said exhibits do not refute the factual allegations of the complaint.   The Court cannot accept such  factual assertions by the moving party defendants, in the within Rule 12( c) motion to dismiss. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Accordingly, Plaintiff's claims against the individual defendants must stand.

Notwithstanding, should the Court accept Defendants' exhibits inconsideration of their motion, it is respectfully requested that Plaintiff's exhibits be considered in his opposition.

## POINT VIII

### IN THE EVENT THE COURT IS INCLINED TO DISMISS ANY OF PLAINTIFF'S CLAIMS, PLAINTIFF  SHOULD BE ENTITLED TO LEAVE TO AMEND THE COMPLAINT

Plaintiff asserts that, based on the Amended Complaint  and the arguments set forth in Points I through VII, *supra*, all of Plaintiff's asserted claims are viable, timely, and properly pled, as to warrant denial of Defendant's Motion to Dismiss on the Pleadings.  However, in the event that this Court should find that any necessary factual or legal assertions are omitted from any or all of the claims, then Plaintiff respectfully requests leave to amend the complaint, pursuant to Fed. Rule Civ. Pro 15(a).

16

It has been held that "Under Rule 15(a), leave to amend 'shall be freely given when justice so requires'." Fed. R. Civ. P. (15)(a); <u>Twisted Records v. Rauhofer</u>, 2005 WL 517328 (S.D.N.Y. 2005), *citing,* <u>Dluhos v. Floating and Abandoned Vessel known as "New York,"</u> 162 F. 3d 63, 69 (2d Cir. 1998). This is particularly true where there is no undue prejudice or delay by the party seeking to amend. <u>Block v. First Blood Assocs.,</u> 988 F. 2d 344, 350 (2d Cir. 1993). In the within action, there is neither delay by the Plaintiff, nor undue prejudice to the defendants, in granting leave to amend the complaint.

Moreover, Defendant cannot claim any prejudice by the granting of leave to amend the complaint (i.e., no "significant additional resources" to be expended by defendants, nor any significant delay to the resolution of the matter). <u>Monahan v. New York City Dep't. Of Corrections,</u> 214 F. 3d 275, 284 (2d Cir. 2000). Lastly, as this is the Plaintiff's *first request of the Court to amend the complaint,* and the reasons for said amendments are amply set forth in the within brief (*supra*), there is no bad faith motive on Plaintiff's behalf, in seeking such leave to amend the complaint under Federal Rule Civ. Pro 15(a). Thus, Plaintiff respectfully requests such leave be granted by the Court, if necessary to sustain any or all of the claims, or portions thereof.

## CONCLUSION

For all of the aforementioned reasons, all of Plaintiff's asserted claims are viable, timely, and properly pled. Therefore, Plaintiff respectfully requests that Defendants' application for the judgment on the pleadings be denied in its entirety, with prejudice, and that any and all further relief that this Court deems proper and just be granted to Plaintiff.

Dated: Hempstead, New York
     May 23, 2011

17

Respectfully Submitted,

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

FREDERICK K. BREWINGTON(FB5295)
*Attorneys for Plaintiff*
556 Peninsula Blvd
Hempstead, New York 11550
(516) 489-6959

18